UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

SUZANNE MARIE BLANCHARD,

                                              Plaintiff,                Case # 19-CV-6534-FPG

v.                                                                                 DECISION AND ORDER

COMMISSIONER OF SOCIAL SECURITY,

                                              Defendant.
_____

## INTRODUCTION

Plaintiff Suzanne Marie Blanchard brings this action pursuant to the Social Security Act seeking review of the final decision of the Commissioner of Social Security that denied her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Act. ECF No. 1. The Court has jurisdiction over this action under 42 U.S.C. §§ 405(g), 1383(c)(3).

Both parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c).[1] ECF Nos. 8, 9. For the reasons that follow, the Commissioner's motion is GRANTED, Blanchard's motion is DENIED, and the complaint is DISMISSED WITH PREJUDICE.

## BACKGROUND

In early 2016, Blanchard applied for DIB and SSI with the Social Security Administration ("the SSA"). Tr.[2] 73, 83. She alleged disability since October 2015 due to neuropathy, sleep apnea, anxiety, vitamin deficiency, and hyperthyroidism. Tr. 73-74, 83-84. In July 2018,

---

[1] While not docketed as a motion for judgment on the pleadings, the Court will construe Blanchard's brief as such. *See* ECF No. 8.

[2] "Tr." refers to the administrative record in this matter. ECF No. 7.

1

Administrative Law Judge Thomas Cheffins ("the ALJ") issued a decision finding that Blanchard is not disabled. Tr. 13-26. This result was premised in part on the ALJ's finding that Blanchard's substance use disorder (alcoholism) materially contributed to her impairments, pursuant to 20 C.F.R. §§ 404.1535 and 416.935.

On May 20, 2019, the Appeals Council denied Blanchard's request for review. Tr. 1-4. This action seeks review of the Commissioner's final decision. ECF No. 1.

## DISCUSSION

This appeal presents a narrow issue: did the ALJ correctly analyze Blanchard's substance use disorder for purposes of determining whether she is disabled?

By statute, an individual seeking social security benefits is not to be considered disabled "if alcoholism or drug addiction would . . . be a contributing factor material to the Commissioner's determination that the individual is disabled." 42 U.S.C. § 423(d)(2)(C). The SSA implemented this provision by regulation:

> (a) General. If we find that you are disabled and have medical evidence of your drug addiction or alcoholism, we must determine whether your drug addiction or alcoholism is a contributing factor material to the determination of disability.
>
> (b) Process we will follow when we have medical evidence of your drug addiction or alcoholism.
>
> > (1) The key factor we will examine in determining whether drug addiction or alcoholism is a contributing factor material to the determination of disability is whether we would still find you disabled if you stopped using drugs or alcohol.
> >
> > (2) In making this determination, we will evaluate which of your current physical and mental limitations, upon which we based our current disability determination, would remain if you stopped using drugs or alcohol and then determine whether any or all of your remaining limitations would be disabling.

>   (i) If we determine that your remaining limitations would not be disabling, we will find that your drug addiction or alcoholism is a contributing factor material to the determination of disability.
>
>   (ii) If we determine that your remaining limitations are disabling, you are disabled independent of your drug addiction or alcoholism and we will find that your drug addiction or alcoholism is not a contributing factor material to the determination of disability.

20 C.F.R. § 404.1535(a), (b); *see also id.* § 416.935(a), (b).

An ALJ undertaking this inquiry must first proceed through the usual five-step sequential evaluation to determine whether the claimant is disabled within the meaning of the Act. *See Parker v. City of New York*, 476 U.S. 467, 470-71 (1986). The ALJ must conduct this initial inquiry "without segregating out any effects that might be due to substance use disorders." *Colbert v. Comm'r of Soc. Sec.*, No. 18-CV-702, 2019 WL 6648562, at *3 (W.D.N.Y. Dec. 6, 2019).

If the claimant is found to be disabled, then the ALJ must consider "whether the substance abuse is a contributing factor material to the determination of disability—that is, whether the claimant would still be found disabled if she stopped using drugs or alcohol." *Baker v. Saul*, No. 18-CV-6411, 2020 WL 702517, at *1 (W.D.N.Y. Feb. 12, 2020) (internal quotation marks omitted). "The claimant bears the burden of proving that . . . in the absence of drug or alcohol abuse, [he or she] would still be disabled." *Id.*

It is important to emphasize that this exclusion is not intended to bar claimants from receiving benefits merely because their present impairments are causally connected to past drug or alcohol abuse. *See* Social Security Ruling, SSR 13-2p.; Titles II and XVI: Evaluating Cases Involving Drug Addiction and Alcoholism (DAA), 78 Fed. Reg. 11939, 11942 (Feb. 20, 2013) [hereinafter "S.S.R. 13-2p"]. For example, a claimant's quadriplegia, which resulted from an accident "while driving under the influence of alcohol," may still be deemed to be disabling even though the claimant "acquired the impairment because of an activity related to substance use." *Id.*;

*see also id.* (noting as example a "claimant [who] acquired . . . human immunodeficiency virus (HIV) infection from sharing a needle for intravenous drug use"). Similarly, even if the claimant's drug abuse medically caused a disabling impairment, the substance use disorder is not material where the impairment is "irreversible or could not improve to the point of nondisability in the absence of [drug or alcohol abuse]." *Id.* Examples of permanent medical conditions that result from "long-term alcohol or drug use" include "peripheral neuropathy, permanent encephalopathy, cirrhosis of the liver, Substance-Induced Persisting Dementia, and Substance-Induced Persisting Amnestic Disorder." *Id.*

Here, the ALJ ostensibly followed this evaluation process. He first proceeded through the five-step sequential evaluation: he determined that Blanchard had not engaged in substantial gainful activity since the alleged onset date; had severe impairments of alcoholic neuropathy, degenerative disc disease, bilateral carpal tunnel syndrome, and obesity; had no impairments that met or equaled a Listings impairment; could perform sedentary work with additional restrictions; could not perform past relevant work; and could not adjust to other work in the national economy. *See* Tr. 16-20.

Then, the ALJ considered whether Blanchard would still be disabled if she stopped abusing alcohol. He determined that, without abusing alcohol, Blanchard could perform light work with additional restrictions; could not perform past relevant work; but could adjust to other work in the national economy. *See* Tr. 21-25. Therefore, the ALJ found that Blanchard's substance use disorder is a material contributing factor to the disability determination and that, as a result, she is not disabled. Tr. 26.

Blanchard argues that the ALJ's decision is internally inconsistent. She notes that it is undisputed that she stopped abusing alcohol in November 2015, and the ALJ found that she was

4

disabled from that time forward. *See* ECF No. 10 at 2. Therefore, the ALJ's hypothetical inquiry as to whether Blanchard would still be disabled if she stopped abusing alcohol makes no sense, as she was indisputably not abusing alcohol after November 2015. She asserts that the ALJ's analysis is clearly erroneous.

The Court disagrees. Blanchard's argument is premised on a misinterpretation of the ALJ's decision—though, given that the decision is not a model of clarity, her mistake is understandable. Nevertheless, because the Court can "glean the rationale" of the ALJ's decision, and that rationale is consistent with the applicable regulations, Blanchard's argument does not warrant remand or reversal. *Mongeur v. Heckler*, 722 F.2d 1033, 1040 (2d Cir. 1983).

As noted above, the ALJ found that Blanchard had several severe impairments beyond her substance use disorder, including alcoholic neuropathy.[3] Tr. 16. The crux of the ALJ's analysis was that, once Blanchard began abstaining from alcohol in November 2015, her "alcohol neuropathy improved." Tr. 22. Initially, Blanchard was capable of only sedentary work with additional restrictions, Tr. 19, but subsequent treatment notes and examination findings establish that the pain, fatigue, numbness, and weakness associated with her alcoholic neuropathy dissipated over time. *See* Tr. 22-24. Steven Goldstein, M.D., an independent medical expert, testified that the symptoms of alcoholic neuropathy do not immediately discontinue upon abstinence; a "residual" neuropathy persists but improves over time. Tr. 56; *see also* Tr. 49 (describing Blanchard's condition as a "length dependent neuropathy"). After reviewing the records, Dr. Goldstein concluded that the symptoms associated with Blanchard's alcoholic neuropathy

---

[3] Although the ALJ did not explicitly identify substance use disorder as a severe impairment at step two, his subsequent discussion makes clear that he found that disorder to be severe. *See* Tr. 19 (stating that, in crafting the RFC, the ALJ considered "the impact of [Blanchard's] substance use disorder with her other severe impairments"); *cf. Reices-Colon v. Astrue*, 523 F. App'x 796, 798 (2d Cir. 2013) (summary order) (ALJ's failure to identify severe impairment at step two is harmless where he considered the impairment at subsequent steps).

improved as time went on, until, by February 2017, she could perform light work (with additional restrictions). Tr. 50. The ALJ afforded significant weight to Dr. Goldstein's opinion. Tr. 19, 22-24.

As the Court reads the ALJ's decision, the ALJ found that beginning in Fall 2015, Blanchard could only perform a limited range of sedentary work. This is because, although she had stopped drinking, the effects of her alcohol abuse—namely, a residual alcoholic neuropathy—persisted for some time. *See* Tr. 22. As a result, from the alleged onset date until early 2017, Blanchard's RFC precluded her from obtaining work in the national economy. Tr. 20-21. However, because Blanchard's neuropathy would not have been disabling absent her use of alcohol prior to November 2015—as is evident from her subsequent improvement—the ALJ found that §§ 404.1535 and 416.935 mandated a finding of not disabled for the period between Fall 2015 and early 2017. *See Guerrera v. Colvin*, No. 13-CV-1354, 2015 WL 875378, at *4 (D. Ariz. Mar. 2, 2015) ("[I]f the claimant's other impairments would improve to the point of nondisability in the absence of the [alcoholism] . . . . the [alcoholism] is a contributing factor material to the determination of disability and the claim is denied."); S.S.R. 13-2p, 78 Fed. Reg. at 11942 (stating that the ALJ "must project the severity of the claimant's other impairment(s) in the absence of [alcoholism]").

As for the period after early 2017, the ALJ found that the symptoms of her neuropathy had improved to the point that she could perform a limited range of light work. Tr. 23-24. As a result, the ALJ found that Blanchard was not disabled during that period because, based on her RFC, she could adjust to other jobs in the national economy. Tr. 25.

Accordingly, while not couched exactly in terms of the applicable framework, the ALJ properly analyzed the relationship between Blanchard's substance use disorder and her other

conditions. He found that, in the absence of her alcoholism, Blanchard's neuropathy would not have been as functionally limiting as it was between the alleged onset date and early 2017. For that period, Blanchard's alcoholism was a contributing factor material to the determination of disability, and she may not obtain benefits. And for the period from February 2017 onward, Blanchard's condition had so improved that she could obtain work in the national economy, and therefore could not be found disabled. Tr. 25-26.

In sum, the Court rejects Blanchard's argument and concludes that remand or reversal is not warranted.

## CONCLUSION

For all of the reasons stated, the Commissioner's Motion for Judgment on the Pleadings (ECF No. 9) is GRANTED and Blanchard's Motion for Judgment on the Pleadings (ECF No. 8) is DENIED. The complaint is DISMISSED WITH PREJUDICE, and the Clerk of Court is directed to enter judgment and close this case.

IT IS SO ORDERED.

Dated: June 11, 2020
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court